NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 7 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KENIA LISSETTE RENDEROS-NATAREN; GERSON ANTONIO PORTILLO-RENDEROS, <br><br> Petitioners, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-70511 <br><br> Agency Nos.   A208-267-865 <br> A208-267-899 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 6, 2020**

Before:  HAWKINS, GRABER, and McKEOWN, Circuit Judges.

Petitioner Kenia Lissette Renderos-Nataren and her minor son, natives and

citizens of El Salvador, timely petition for review of a Board of Immigration

Appeals' ("BIA") order affirming the denial of their claims for asylum,

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the BIA's decision, "except to the extent that the [immigration judge's] opinion is expressly adopted," *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)), and review "the BIA's determination that a petitioner does not qualify for asylum or withholding of removal under the highly deferential 'substantial evidence' standard," *Zetino v. Holder*, 622 F.3d 1007, 1012 (9th Cir. 2010) (citing *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992)).

Petitioners fail to challenge the BIA's determination that they have not suffered past harm that rises to the level of persecution, and therefore waive that argument. *See Hui Ran Mu v. Barr*, 936 F.3d 929, 936 (9th Cir. 2019) ("issues not raised in the opening brief are deemed waived" (citing *Martinez-Serrano v. INS.*, 94 F.3d 1256, 1259–60 (9th Cir. 1996))). To be eligible for asylum, Petitioners had to demonstrate a "well-founded fear of future persecution" on account of their membership in a particular social group. 8 U.S.C. § 1101(a)(42). To be cognizable, a particular social group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (internal quotation marks omitted).

The BIA correctly determined that the proposed social groups—"El Salvadoran women who do not have protection from violence" and "El Salvadoran women business owners"—are not cognizable. Because the "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground," *Zetino*, 622 F.3d at 1016, the first proposed social group is not cognizable. Because Petitioner failed to challenge the BIA's finding that she is no longer a business owner, and therefore not a member of that proposed group, she waived the issue. *See Hui Ran Mu*, 936 F.3d at 936 ("issues not raised in the opening brief are deemed waived" (citing *Martinez-Serrano*, 94 F.3d at 1259–60)). Substantial evidence also supports the BIA's determination that Petitioner's son failed to establish a nexus between the harm that he fears in El Salvador and membership in his family.

The standard "for withholding of removal is more stringent than the well-founded fear standard governing asylum." *Al-Harbi v. INS*, 242 F.3d 882, 888–89 (9th Cir. 2001). Petitioners' ineligibility for asylum thus forecloses their arguments regarding withholding of removal.

Finally, Petitioners fail to challenge the BIA's determination that, because the record does not establish that it is "more likely than not" that Petitioners will be tortured if returned to El Salvador, they are ineligible for CAT protection. 8 C.F.R. § 1208.16(c)(2). Accordingly, their CAT claim is waived. *See Hui Ran Mu*, 936

3

F.3d at 936 ("issues not raised in the opening brief are deemed waived" (citing *Martinez-Serrano*, 94 F.3d at 1259–60)).

**PETITION DENIED.**